IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 04 CR 1071 |
| ) | |
| DESMOND RAY KING, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Desmond Ray King has filed six motions. We deal with each in turn.

The first asks for notice of the government's intention to use evidence of other crimes, wrongs or acts of any defendant, pursuant to Federal Rule of Evidence 404(b) and evidence of specific instances of conduct, pursuant to Rule 608(b), all 30 days before trial. The government acknowledges its obligation to provide 404(b) material within two weeks of trial, but it does not refer to 608(b) material. Rule 608(b) material may not be used in the case-in-chief, it may only be used in cross-examination, and it is not discoverable. United States v. Sims, 808 F.Supp. 607 (N.D. Ill. 1992). Even so, the government, prior to using any 404(b) material it does not presently intend to use, and before using any 608(b) material, shall so advise the court and the defendant so that any objections may be heard. The motion is denied in part as moot and in part on the merits.

The second asks for production of Brady material. The government responds by representing that it is aware of its continuing obligation, but that it does not now have any such evidence. The motion is denied as moot.

The third asks to strike surplusage from the indictment. The government agrees. The motion is granted.

The fourth seeks to dismiss count three of the indictment. Defendant contends that it charges two offenses, one being using or carrying a firearm, which by 18 U.S.C. §924(c)(1)(A)(i) carries a minimum five-year sentence, and brandishing a firearm, which carries a seven-year sentence, 18 U.S.C. §924(c)(1)(A)(ii). The government contends that the disjunctive phrases are not duplicitous because they are merely alternate ways to commit the same offense, and that a jury instruction will allay defendant's concerns. But that still leaves unresolved the sentencing issue. We believe the better course is to follow the government's alternate suggestion: that it strike one phrase or the other. The motion is otherwise denied.

The fifth asks for grand jury testimony. The court cannot order the government to produce Jencks Act material prior to testimony, and the motion must therefore be denied. The government has, however, wisely agreed to produce that material two weeks before trial.

The last motion seeks to adopt co-defendants' motions. That motion is granted.

Finally, defendant Desmond King moves to file motions within a reasonable time following the conclusion of the trial in 03 CR 547. That motion is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 26, 2005.